

FILED
CLERK, U.S. DISTRICT COURT
OCT 29 2024
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ZACHARY RHODES,<br><br>Defendant. | Case No. 24-MJ-6563<br><br>ORDER OF DETENTION<br><br>[Fed. R. Crim. P. 32.1(a)(6);<br>18 U.S.C. §§ 3143(a)(1), 3148(b)] |

I.

On October 29, 2024, Defendant Zachary Rhodes made his initial appearance in this district following his arrest on the petition for warrant to revoke supervised release and warrant for arrest issued in the Southern District of California on August 13, 2024. Deputy Federal Public Defender Shannon Coit was appointed to represent Defendant. The government was represented by Assistant U.S. Attorney William Larsen. Defendant submitted on the

recommendation of detention in the report prepared by U.S. Probation and Pretrial Services.

## II.

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a) following Defendant's arrest for alleged violation(s) of the terms of Defendant's ☐ probation / ☒ supervised release,

The Court finds that :

A.  ☒  Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will appear for further proceedings as required if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

☒ allegations in the petition: (1) On July 27, 2024. Defendant was arrested for burglary and failed to report the law enforcement contact regarding the above to his assigned Probation Officer; (2) Defendant left the district without authorization; and (3) Defendant has not maintained contact with the U.S. Probation Office since the issuance of the arrest warrant in this case.

☒ Defendant's criminal history includes a felony conviction for importing fentanyl for which he was sentenced to 366 days imprisonment and 36 months of supervised release, numerous law enforcement contacts in 2020 and 2021, including for failure to appear on a misdemeanor charge on January 26, 2021.

☒ unverified background information

☒ lack of bail resources

B.  ☒  Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will not endanger the safety of any other person or the community if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

☒ criminal history – see above

☒ allegations in the petition (see above)

## III.

IT IS THEREFORE ORDERED that the defendant is remanded to the custody of the U.S. Marshal to be removed to the Southern District of California.

<u>The Court directs government counsel to follow up with government counsel in the charging district regarding Defendant's next scheduled date, and provide this information to DFPD Coit in order to monitor the status of Defendant's transportation to, and arrival in, the charging district for her next appearance.</u>

The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: October 29, 2024

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE